**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Andrei Armas, Esq. (SBN: 299703)
andrei@kazlg.com
245 Fisher Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Guy Hirsch



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**GUY HIRSCH,**

**Plaintiff,**

**v.**

**USCB, INC. a California corporation d/b/a USCB AMERICA,**

**Defendants.**

**Case No.:**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF:**

**(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND,**

**(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**

**JURY TRIAL DEMANDED**

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Similarly, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation. In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

collection industry.

4. Plaintiff GUY HIRSCH ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of USCB, INC. (hereinafter "USCB" and/or "Defendant") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

10. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to revers or modify any judgment or any state court.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k). In addition, pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

12. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

13. Because Defendant conducts business within the State of California, personal jurisdiction is established.

14. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Alameda, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

15. Plaintiff is a natural person who resides in the City of Oakland, County of Alameda, in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a natural person allegedly obligated to pay a debt, and is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant is a corporation incorporated in the State of California with a principle place of business in California. Defendant in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. 1692a(6).

17. Additionally, Defendant is a "person" who uses an instrumentality of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore are "debt collector(s)" as that phrase is defined by 15 U.S.C. § 1692a(6).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff is an individual residing within City of Oakland, County of Alameda, in the State of California.

20. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

21. Plaintiff is informed and believes, and thereon alleges, that sometime on or before February 1, 2014, Plaintiff allegedly incurred financial obligations to an original creditor, San Francisco Otolaryngology, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(5).

22. Sometime thereafter, Plaintiff allegedly fell behind on the payments allegedly owed on the alleged debt. Plaintiff is informed and believes, and thereon alleges, that this debt was not owed by him.

23. Plaintiff is informed and believes, and thereon alleges, that following

Plaintiff's alleged delinquency, the original creditor allegedly transferred, placed or assigned Plaintiff's alleged debt to Defendant for collection.

24. On or around May 1, 2014, the alleged debt allegedly owed by Plaintiff was reported to Experian, whom reported the alleged debt as being "[s]eriously past due / assigned to attorney, collection agency, or credit grantor's internal collection department." *See* Plaintiff's Experian Report, attached hereto as Exhibit A.

25. On or around January 20, 2015, Plaintiff was informed by his mortgage broker that Experian was reporting a $91.00 outstanding debt on his credit report, which was allegedly owed to Defendant. This was the first time Plaintiff was made aware of the alleged debt allegedly owed by him to Defendant.

26. Within the next couple of weeks, Plaintiff inquired by telephone, on numerous occasions, about the validity of the debt and the steps required to have this alleged debt removed from his credit report. On each occasion, Defendant informed Plaintiff that he did not owe the debt alleged. These telephone calls are "communication(s)" as 15 U.S.C. § 1692a(2) defines that term, and "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

27. On or around January 30, 2015, pursuant to the advice of Defendant's agent, Plaintiff sent a facsimile to Defendant's corporate headquarters disputing the alleged debt and demanding that Defendant remove Plaintiff's alleged debt allegedly owed to Defendant from Plaintiff's credit report, especially since Defendant falsely represented to Plaintiff that it was not actually attempting to collect such a debt from Plaintiff.

28. After failing to receive any response to his facsimile, Plaintiff again contacted Defendant by telephone on numerous occasions in order to address the validity of the alleged debt allegedly owed to Defendant and to remove the inaccurate information from Plaintiff's credit report, especially since

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Defendant falsely represented to Plaintiff that it was not attempting to collect Plaintiff's alleged debt. These telephone calls are "communication(s)" as 15 U.S.C. § 1692a(2) defines that term, and "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

29. During one of these subsequent telephone calls, Defendant eventually "found" Plaintiff's alleged account and asked Plaintiff to pay the alleged debt by telephone. This telephone call is "communication" as 15 U.S.C. § 1692a(2) defines that term, and "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b). Although Plaintiff did not owe the debt alleged, Plaintiff's sole motivation in paying the alleged debt was to clear his credit report in order to obtain home mortgage financing.

30. Plaintiff never received a bill or notice form the original creditor; Plaintiff similarly never received a dunning notice or any other notice from Defendant. To this date, Plaintiff has not received any form of notice from either the original creditor or Defendant regarding the alleged debt allegedly owed by Plaintiff to Defendant.

31. Through this conduct, Defendant violated 15 U.S.C §1692(d), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff. Thus, Defendant also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendant violated 15 U.S.C §1692(e) and 15 U.S.C §1692(e)(10) by using false, deceptive, or misleading representations or means in connection with the collection of the alleged debt, and by using false representations or deceptive means to collect or attempt to collect the alleged debt allegedly owed by Plaintiff. Specifically, Defendant violated 15 U.S.C §1692(e) and 15 U.S.C §1692(e)(10) by falsely representing that Plaintiff allegedly owed an alleged debt to Defendant, when in fact Plaintiff did not

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

owe Defendant the alleged debt.

33. Through this conduct, Defendant violated 15 U.S.C §1692(e) and 15 U.S.C §1692(e)(10) by falsely representing to at least one credit reporting agency that Plaintiff allegedly owed the alleged debt, while also initially representing to Plaintiff that no such debt was owed.

34. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendant violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

36. Through this conduct, Defendant violated 15 U.S.C. § 1692g(a) by failing to provide the appropriate 15 U.S.C. § 1692g(a) "notice of debt" within five days after the initial communication with Plaintiff in connection with the collection of the alleged debt allegedly owed by Plaintiff to Defendant

37. As a result of Defendants' unfair, oppressive, and abusive conduct in connection with their debt collection activity, Plaintiff has suffered emotional distress by way of stress, frustration, anxiety, humiliation, embarrassment, anger, annoyance, lost time due to the fact that Defendants have continued their collection efforts despite receiving multiple communications indicating the debt is paid and does not belong to Plaintiff.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692-1692(p) (FDCPA)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

40. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

43. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against all Defendants;
- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against all Defendants;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against all Defendants;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against al Defendants;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against all Defendants;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against all Defendants; and,
- any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

44. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 15, 2015 **KAZEROUNI LAW GROUP, APC**

BY: /S/ ABBAS KAZEROUNIAN
ABBAS KAZEROUNIAN, ESQ.
ANDREI ARMAS, ESQ.
ATTORNEYS FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626